United States District Court
Southern District of Texas
**ENTERED**
April 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOANGEL JAVERQUI FLEITES GOMEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-0561 |
| KRISTI NOEM, et al., | § § | |
| Respondents. | § § | |

## MEMORANDUM OPINION AND ORDER

Yoangel Javerqui Fleites Gomez ("Petitioner"), a citizen of Cuba, entered the United States on March 6, 2022.[1]  On October 15, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the (1) Immigration and Nationality Act, (2) due process, and (3) the Administrative Procedure Act.[3]

---

[1] Plaintiff's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief, ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 16.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id. at 5 ¶ 17.

[3] Id. at 11-16.

Also pending before the court is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 11). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[4] Petitioner has filed a reply.[5]

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Id. at 498, 508. The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain

---

[4]Respondents' MSJ, Docket Entry No. 11, pp. 1-2.

[5]Petitioner's Reply to Respondents' Response to Petition for Writ of Habeas Corpus, Docket Entry No. 14.

-2-

proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Finally, as explained in <u>Jiminez v. Bradford,</u> Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA.  <u>See</u> 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action <u>for which</u> <u>there is no other adequate remedy in a court</u> are subject to judicial review.") (emphasis added).

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**, and Plaintiff's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 13th day of April, 2026.

 

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE